## MOURER v. MOURER.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   In wife's suit for divorce on ground of extreme cruelty, testimony, considered *de novo held*, to justify decree for plaintiff and denial of relief to defendant on his cross bill.

2. SAME—CUSTODY OF CHILDREN—CONTINUING JURISDICTION OF TRIAL COURT.
   In suit for divorce, the award of custody of 12- and 14-year-old sons to mother is not disturbed where such appears to be the most desirable disposition of their custody possible under the circumstances and there is continuing control of the trial court in such matter.

3. SAME—AWARD OF PROPERTY—CUSTODY AND SUPPORT OF CHILDREN.
   Where plaintiff wife was awarded decree of divorce on ground of extreme cruelty and the custody of the parties' 12- and 14-year-old sons, the award to plaintiff of jointly-held home to which plaintiff had built a substantial addition and which was assessed at value of $1,450 together with the household furnishings and $14 per week for support of the minors is not disturbed, where it appears that 39-year-old husband, though somewhat disabled as a result of service in the armed forces, is still a wage earner and able to make such payments.

Appeal from Kent; Brown (William B.), J. Submitted November 21, 1947. (Docket No. 96, Calendar No. 43,768.) Decided January 5, 1948.

Bill by Geraldine Mourer against Albert Mourer for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Dilley & Dilley,* for plaintiff.

*Glocheski & Glocheski,* for defendant.

NORTH, J.    Plaintiff, Geraldine Mourer, in her bill of complaint for divorce and custody of her two minor children, charged her husband, Albert Mourer, with extreme cruelty.    Defendant by his answer denied the material charges in the bill of complaint and by a cross bill charged plaintiff with extreme cruelty in consequence of which he sought a decree of divorce and custody of the children.    After full hearing in the circuit court plaintiff was granted a divorce, custody of the children, and property rights hereinafter noted.    Defendant has appealed.

We shall not attempt to review the testimony in detail, much of which is of the regrettable type, and its repetition would serve no useful purpose.    Consideration of the testimony *de novo* brings the conclusion that plaintiff established her charges to the effect that the defendant on numerous occasions called her vile and indecent names and in the presence of the minor children accused her of infidelity; that defendant spent time and money in beer taverns, that he came home drunk and assaulted plaintiff, that he failed to cooperate in disciplining the two sons of these parties, and finally threatened to force plaintiff to leave the home which led to filing the bill of complaint herein.

With the exception of approximately 23 months during which defendant was in service in World War II, these parties lived together after their marriage, October 1, 1931, until the separation on the eve of filing the bill of complaint in November, 1945.    The two sons of this marriage were respectively 12 and 14 years of age at the time of the hearing in 1946. Prior to defendant's entering the service these

parties had constructed the place in which they lived, but it was so small that it was quite inadequate for the needs of the family as the sons grew older. During much of the time defendant was in service plaintiff worked outside the home, and from her earnings and the allotment received in consequence of her husband's service, prior to his return she caused to be constructed a substantial addition to the home place. There is sufficient evidence to the effect that plaintiff cared for the home in a commendable manner and looked after the welfare of the children as best she could under the circumstances, with the possible exception that plaintiff was unwise in attending with friends dances on Saturday nights which resulted in the two boys not being given the care and attention to which they were entitled and in being kept up until unduly late hours. But this phase of plaintiff's conduct by no means afforded defendant a ground for divorce.

Before defendant left for overseas he learned and plaintiff admitted to him that she had been indiscreet in associating with another married man. So far as the testimony discloses such association did not extend over a period of more than a few weeks; and there is no testimony justifying a conclusion that illicit sexual relations occurred between plaintiff and the man with whom she associated.

In his cross bill defendant, in consequence of the matter to which reference is just above made, charged plaintiff with "associating intimately with other men," that she neglected and refused to prepare meals for defendant, that she was neglectful as a housekeeper, that plaintiff was extremely jealous and suspicious and repeatedly and unjustly accused defendant of being familiar with other women, and further that defendant's life was made miserable by plaintiff's "continual nagging." There is no credible testimony tending to establish defendant's

charge of plaintiff's improperly associating "with other men" except that hereinbefore noted. Nor do we find in the record testimony which would justify the conclusion that plaintiff was neglectful of her home duties or that she unduly complained to or nagged defendant. Nor does the testimony disclose that she was unduly suspicious of defendant's familiarity with other women beyond such suspicion as was provoked by letters from one or more German girls written to defendant after he returned from service. From the record as a whole we find that the trial judge was justified in denying defendant relief on his cross bill and in granting plaintiff a decree on the grounds of extreme cruelty from the defendant who evidently returned from service with a fixed determination he would no longer continue the family relation.

Notwithstanding the record discloses a seeming lack of ability on the part of plaintiff to manage the older one of the two sons, since it seems quite probable that condition may have been produced by interference on the part of defendant, we conclude that the trial judge in giving the custody of the two minors to their mother made the most desirable disposition of the custody of the minors possible under the circumstances of this unfortunate case. In defendant's testimony we find the following: "It would be difficult for me to take the children and make a home. I am hoping to figure it out so I can give them a home." Since the matter of the custody of these minors will continue to be under the control of the trial court and such changes can be made as will best subserve the welfare of the minors, we are not disposed to change the provision in the decree as to custody.

As hereinbefore indicated the home of these parties, in which plaintiff and the two boys have continued to live since suit was started, is of a decidedly

modest type. It and the household furnishings constitute all the property holdings of the parties. While defendant in his sworn cross bill stated that the home was "of the value of approximately $750," in testifying he said: "I have not much of an idea what the property is worth. * * * It is assessed at $1,450." Since plaintiff is entitled to a divorce and the custody of the two minor children, it is quite impossible to escape the conclusion that this modest home which was held in joint title by plaintiff and defendant, together with the household furniture and furnishings therein, should be awarded to plaintiff, as was decreed by the trial judge. At the time of the trial defendant was 39 years of age, and while he claims some disability as a result of his service in the armed forces, he is still a wage earner and seemingly able to pay to plaintiff $14 per week towards the support and maintenance of the minors, as provided in the decree of the circuit court.

The decree entered in the circuit court is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.